FILED

AUG 0 2 2016

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DX ___ DEPUTY

1   DAVID LOUDON & CELESTE LOUDON
    12717 BENAVENTE WAY
2   SAN DIEGO, CALIFORNIA 92129

3          UNITED STATES DISTRICT COURT OF

4          SOUTHERN DISTRICT OF CALIFORNIA

5   DAVID LOUDON & CELESTE LOUDON    )  Case No.  **16 CV 1953 DMS NLS**
                                     )  PETITION FOR DECLARATORY
6                                    )  RELIEF TO QUIET TITLE
             Plaintiff's,            )  CIVIL CODE 761.010
7   vs.                              )
                                     )
8   DOWNEY SAVINGS AND LOAN          )
9   ASSOCIATION, FA                  )
    ALL PERSONS KNOWN or Entities    )
10  Unknown, Claiming Any Legal Or   )
    Equitable Right, Title           )
11  Estate, Lien or Interest In The  )
12  Property Described In the        )
    Petition Adverse To Plaintiff's
13  title, DAVID LOUDON & CELESTE
    LOUDON Or Any Cloud upon
14  Plaintiff's title thereto"

15

16          Defendant.

17  ─────────────────────────────

18  DAVID LOUDON & CELESTE LOUDON, hereafter Plaintiff's, states as
    our cause of action against Defendants as follows.

19

20                **IDENTITY OF PARTIES AND LAND**

       1. Plaintiff's purchased residential property in SAN DIEGO,
21  CALIFORNIA 92129, California, known and referred to as 12717
    BENAVENTE WAY,SAN DIEGO, CALIFORNIA 92129. More particularly,
22  legal description of this property is: LOT 709 OF PENASQUITOS
    VIEW UNIT NO. 6, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO,
23  STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 7517,FILED IN
    THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, DECEMBER
24  29, 1972.."

25
    Assessor's Parcel No: **315-182-07**
26  Hereafter, this address and legal description as well as all
27  improvements thereon shall be known and referred to as
    *Plaintiff's Property.*
28                          1

─────────────────────────────────────────

1     2. DOWNEY SAVINGS AND LOAN ASSOCIATION, FA, is a federally
2 chartered savings association organized and existing under the
3 laws of the United States of America. Business mailing
4 address/location P.O. Box 6060, 3501 Jamboree Rd, Newport Beach,
5 CA 92658-6060

7                  **JURISDICTION and VENUE**

8     3.  This Court has jurisdiction over this matter pursuant
9 to 28 U.S.C §1331&§1332 pursuant to 15 U.S.C § 1640(e) for TILA
10 claims, and pursuant to 28 U.S.C § 1367 for supplemental
11 jurisdiction of Plaintiff's state law claims because these
12 claims are so related to the claims within the court's original
13 jurisdiction that they form part of the same case or controversy
14 under Article 3 of the United States Constitution. The Court has
15 authority to issue a declaratory judgment by virtue of 28 U.S.C.
16 § 2201. Counts arising under contract, common law, and the law
17 of conveyances in real property are properly asserted under this
18 Court's pendent jurisdiction. Venue is proper in this district
19 pursuant to 28 U.S.C. §§ 1391 generally and whereby the real
20 property and a substantial part of the events and claims, the
21 subject of this suit, are situated here, communications
22 notifying Plaintiffs of a non-judicial foreclosure and election
23 to sell under the security instrument conveyed and enforced by
24 Defendants are in this district, and Defendants principle
25 business are within the forum state of California, reasons set
26 forth below.
27

28                            2

4. Plaintiff's Property is located in San Diego County, California and Territorial boundaries of this Northern District Court embrace this county.

5. Defendant,DOWNEY SAVINGS AND LOAN ASSOCIATION, FA, is a federally chartered savings association organized and existing under the laws of the United States of America. Doing business at 3501 Jamboree Rd, Newport Beach, CA 92658-6060

6. Since Plaintiff is seeking to quiet title on Plaintiff Property for Dollars [U.S.$516,000.00],the amount in controversy exceeds $75,000.

7. This is an *in rem* proceeding pursuant to [CIVIL CODE 761.010].directed against *Plaintiff's Property*, situated within the boundaries of SAN DIEGO, CALIFORNIA 92129 County, [California]. By virtue of an Interest Only Adjustable Rate Note and Deed of Trust dated November 17, 2004, Plaintiff acquired an equitable interest in the title.
Plaintiff can live on this land and only plaintiff has the right to sell his home.

9. Defendant have recorded an interest in *Plaintiff's Property*.

### PERTINENT FACTS AND LAW

10. On **November 17, 2004**, Plaintiff agreed to borrow US 516,000.00 from DOWNEY SAVINGS AND LOAN ASSOCIATION, FA, secured by Plaintiff's Property. Two instruments were signed by Plaintiff on this date; Interest Only Adjustable Note, hereafter Note between Plaintiff and DOWNEY SAVINGS AND LOAN ASSOCIATION,

1  FA, and Deed of Trust between Plaintiff and DOWNEY SAVINGS AND
2  LOAN ASSOCIATION, FA See Exhibit A Page(s) One and Two of the
3  Deed of Trust.

4      11. On **July 7, 2005** Plaintiff sent letter to the original
5  lender DOWNEY SAVINGS AND LOAN ASSOCIATION, FA,I hereby
6  cancel/rescind the reference loan number 9041174004.
7  (see Exhibit B

8      12. The California Department of Business Oversight Search
9  for Financial Services or Mortgage Lending Licensed in
10 California to Lend DOWNEY SAVINGS AND LOAN ASSOCIATION, FA was
11 not licensed as California Finance Lender or a Consumer Finance
12 Lender See Exhibit C and Exhibit D California Secretary of State
13 Record not found *D.H.Overmyer Co., Inc. v. Frick 405 U.S.*
14 *174(1972).*

15     13. From **July 7, 2005 to August 7, 2005** Defendant failed to
16 answered or complied within 20 days to Plaintiff request.

17     14. From **August the 7,2005 until November 21,2008** Defendant
18 has never answered or complied within 20 days to Plaintiff
19 request

20              **SUPREME COURT OF THE UNITED STATES**
21                 **RULING ON RESCISSION**
22     **No. 13-684. Argued November 4, 2014-Decicided 13, 2015**

23     On January 13, 2015, the misconceptions surrounding
24 rescission were clearly defined and spelled out by way of a very
25 clear and concise statement from SCOTUS Justice Scalia, while
26 speaking for an unusually unanimous Supreme Court, in ***Jesinoski***
27 ***v. Countrywide Home Loans,*** *Inc.(January 13,2015)*-(see Exhibit
28 E). JUSTICE SCALIA delivered the unanimous opinion of the COURT:

PETITION FOR DECLARATORY RELIEF TO QUIET TITLE CIVIL CODE 761.010

1   The Truth in Lending Act gives borrowers the right to rescind
2   certain loans for up to three years after the transaction is
3   consummated. The question presented is whether a borrower
4   exercises this right by providing written notice to his lender,
5   or whether he must also file a lawsuit before the 3-year period
6   elapses. "Held: A borrower exercising his right to rescind under
7   the Act need only provide written notice to his lender within
8   the 3-year period, not file suit within that period. Section
9   1635(a)'s unequivocal terms—a borrower "shall have the right to
10  rescind… by notifying the creditor… of his intention to do so"
11  [*Emphasis added*]—leaves no doubt that rescission is effected
12  when the borrower notifies the creditor of his intention to
13  rescind. This conclusion is not altered by sec 1635(f), which
14  states when the right to rescind must be exercised, but says
15  nothing about tender or how that right is exercised." Scalia
16  goes on to say:" The clear import of sec 1635(a) is that a
17  borrower need **only** provide written notice to a lender in order
18  to exercise his right to rescind … **Because this is all that a**
19  **borrower must do in order to exercise his right to rescind under**
20  **the Act**… [*Emphasis added*].
21   15. Plaintiff cannot emphasize enough the importance of the
22  Supreme Court's decision in ***Jesinoski***. For over two decades, the
23  financial industry had used the courts to re-write the specific
24  provisions stated in Truth in Lending Act ("TILA").  Lenders did
25  not feel that they had *any duty* to respond to Rescission Notices
26  and routinely *ignored* the notices. In fact, these lenders did
27  not seem to believe they *even had* a duty to follow any of the
28  provisions of TILA, just as here in Plaintiff's case, but

1  *Jesinoski v. Countrywide Home Loans, Inc.* changed this false and
2  self-serving assumption.
3  16.   The Supreme Court "put the teeth back" in TILA, with the
4  effect of infuriating these lenders, who apparently wish to
5  avoid being made accountable for their gross, blatant, and
6  wanton misdeeds.
7            **15 U.S.C subsection 1635(a) Section 1635(b)**
8                  **RESCISSION BY OPERATION OF LAW**
9  17.   In this pleading, specifically in the section "Factual
10 Allegations," there is the reference to the Plaintiff's sending
11 of the "notice to original lender, DOWNEY SAVINGS AND LOAN
12 ASSOCIATION, FA, Inc., dated November 15, 2005, rescinding the
13 loan number…." *This notice, by operation of law* is Plaintiff's
14 timely rescission of Plaintiff's loan, according to 15 U.S.C
15 subsection 1635(a), Section 1635(b), by mailing said letter on
16 the herein referenced date, Plaintiff has *properly* executed
17 Rescission on the subject property.
18     ***Rescission is EFFECTIVE upon the moment of being placed in***
19 ***the US Mail for mailing.***
20 18.   Up until the recent unanimous Supreme Court ruling on
21 Rescission, many people, lawyers and even judges, did not seem
22 to understand what the paragraph bolded and italicized just
23 above, means.   On January 13, 2015, the misconceptions
24 surrounding rescission were clarified and clearly spelled out,
25 by way of a very precise and concise statement from SCOTUS
26 Justice Scalia, while speaking for an unusually unanimous
27 Supreme Court, in **Jesinoski v. Countrywide Home Loans, Inc.**
28 (January 13, 2015), stating: "…once the letter is dropped in the

1  mail,…it means that the deal is done, canceled, rescinded…" And

2  what it also means is that the time starts to run on the duties

3  of the "lender(s)" to comply with that cancellation/rescission.

4   19.   When the Notice of Rescission was executed and mailed, it

5  became immediately effective, by operation of law. There is not

6  other interpretation of "effective" because the Supreme Court,

7  under the apparently annoyed pen of Justice Scalia, has said

8  that there is nothing further to debate or interpret in regard

9  to TILA Rescission.

10   20.   During the twenty (20) days after the mailing of a

11  Rescission Notice, the duties of the "lender" or "creditor" are

12  very clear, and they are as follows:

13    (1)   Return the canceled note, (2) File a Cancellation of the

14          Mortgage or Deed of Trust, and (3) Return all monies paid

15          by the "borrower".

16    After the lender has complied with 1635(b)(termination of

17    security interest), and after the lender has returned the

18    canceled Note and Mortgage/Deed of Trust, and after the

19    "lender" has complied with 12 CFR 1026.23 (d)(2)(Return of any

20    money or property that has been given to anyone), THEN AND

21    ONLY THEN, would the borrower have to tender.  **PLEASE NOTE:**

22    ***The reference to "Tender" is not Common Law Rescission, but***

23    ***rather, Statutory Rescission.***

24   21.   After the twenty (20) days from the receipt of the Notice

25  of Rescission has expired, by operation of law, the recipient is

26  in violation of the statute if they have failed to challenge the

27  rescission (i.e. via a lawsuit), and recipient has waived their

28  defenses. If ANY party with claimed interest in the herein

PETITION FOR DECLARATORY RELIEF TO QUIET TITLE CIVIL CODE 761.010

1  subject property had taken issue with rescission, said party

2  would have needed to file a lawsuit within the twenty (20) days

3  allowed for performing the duties under TILA.  Otherwise, the

4  window closes…with no lawful way for reopening. Period.

### VI. Claims for Relief via Quiet Title

#### Count 1 – Rescission under TILA & Reg. Z

1.    Plaintiff incorporates each paragraph set forth above as if
      fully stated herein.

2.    As a result of Defendants failure to provide accurate
      *material* disclosures correctly as described above, Plaintiff
      is entitled and has exercised his right of rescission of the
      Transaction.

3.    Rescission of the Transaction extinguishes any liability
      Plaintiff has to Defendants for finance or other charges
      arising from the Transaction.

4.    Defendants have a fiduciary duty and obligation to perform
      upon this notice of rescission by canceling this specific
      Transaction as well as any enforcement thereof. Accordingly,
      any alleged security instrument is void and unenforceable
      under 15 U.S.C. § 1635(b).

5.    Defendants have twenty-days (20) to refund or credit the
      alleged account all monies paid and to void the security
      interest, or seek judicial guidance.

6.    Defendants performance is a condition precedent to
      Plaintiff's duty to tender and failure to lawfully respond

1    gives rise to statutory and actual damages under 15 U.S.C. §

2    1640.

3    7.    Any further acts to enforce an invalid security instrument

4    and impose finance charges and fees are wrongful, improper,

5    and a serious breach of fiduciary duty associated with

6    Defendants obligations.  Such acts violate TILA and RESPA, and

7    are contrary to the explicit statutory requirements and

8    contract between the parties.

9    8.    Said acts entitles Plaintiff to statutory and actual

10   relief, orders enforcing rescission, and a reasonable attorney

11   fee.

### Count 2 – TILA

9.    The original payee of the note and beneficiary of all other

documents at a purported closing with Defendants acted in

contravention of TILA 15 U.S.C. § 1601 *et seq.* and Reg. Z in

the following particulars, each and all of which may also be

asserted affirmatively and defensively by Plaintiffs as a

result.

10.       The TILA Disclosure Statements, and all documents

provided to Plaintiff in conjunction with this consumer credit

transaction violated the requirements of Truth in Lending and

Regulation Z in the following other respects:

    a.    By failing to provide all required disclosures

        prior to consummation of the transaction in

        violation of 15 U.S.C. § 1638(b) and Reg. Z §

        226.17(b),

9

    b.    By failing to make required rescission disclosures 'clearly and conspicuously' in writing in violation of 15 U.S.C. § 1632(a) and Reg. Z § 226.17(a)(1),

    c.    By failing to provide the date of the Transaction or the expiration date rescission rights terminate in violation of Reg. Z § 226.23(b)(5).

**Count 3 – Cal. Bus. And Prof. Code § 17200 *et seq*. Claims & Recoupment**

11.   Plaintiff re-alleges and incorporates herein the allegations contained in the preceding paragraphs inclusive above.

12.     Plaintiff brings this action in an individual capacity as a private attorney general acting on his own behalf, pursuant to Cal. Business and Professions Code § 17200, *et seq*. referred to as the Unfair Competition Law ("UCL").

13.   Plaintiff is acting in an individual capacity to remedy the ongoing unlawful, unfair and fraudulent business practices alleged herein, and to seek injunctive relief and restitution on his behalf as being affected thereby.

14.   The foregoing acts and omissions of Defendants affect trade and commerce as that term is defined under the UCL.

15.   The UCL defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice and provides that a court may order injunctive relief and restitution to

10

1    affected parties as a remedy for any violations of the UCL.

2    16.  Beginning on the dates indicated and at all times relevant

3    herein, Defendants and the DOE Defendants have committed acts

4    of unfair competition proscribed by the UCL including the

5    practices alleged herein against Plaintiff.

6    17.  Prior to the filing of the claims in this action, and

7    continuing thereafter, Defendants have been systematically

8    violated the provisions of TILA, the contract between the

9    parties, and to such extent as to induce confusion as to

10   source and sponsorship of services.

11   18.  These violations are and were a matter of their standard

12   corporate policy, and constitute a consistent pattern and

13   practice of unlawful corporate behavior.

14   19.  The business acts and practices of these Defendants, as

15   hereinabove alleged, constitute "unlawful" business practices

16   under UCL in that, for the reasons set forth above, said acts

17   and practices violate the provisions of TILA, contract between

18   the parties, and their fiduciary duties.

19   20.  The business acts and practices of these Defendants, as

20   hereinabove alleged, constitute "unfair" business practices

21   under UCL in that said acts and practices offend *public policy*

22   and are substantially injurious to the Plaintiff and all

23   consumers.  Said acts and practices have no utility that

24   outweighs their substantial harm to the Plaintiff, all

25   consumers, and potential homeowners.

26   21.  In the course of this Transaction, Defendants made one or

27

28

11

more misrepresentations and/or failed to make accurate representations and/or failed to provide material information about the Transaction as set forth more fully above.

22.  Specifically Defendants processed and ratified this Transaction, substantially amended and failed to deliver *material* disclosures under TILA, failed to comply with the contract between the parties, failed to comply with statutory good faith and fair dealing.

23.  Said misrepresentations and failure to make accurate representations were made knowingly or with reason to know that Plaintiff would rely thereon.

24.  Said misrepresentations and failure to make accurate representations were *material* to both Transactions from origination to present.

25.  Said misrepresentations and failure to make accurate representations were made with intent and the Plaintiff relied thereon by seeking legal counsel and filing this defensive claim in recoupment.

26.  Plaintiff did reasonably rely as specified in these factual allegations.

27.  Plaintiff was thereby damaged and has a substantial ascertainable loss.

28.  The business acts and practices of Defendants, as hereinabove alleged, constitute "fraudulent" business practices under UCL in that said acts and practices are likely to deceive the public and affected consumers as to their legal

12

rights and obligations, and by use of such deception, failing to deliver *material* documents, and concealment, may preclude consumers from exercising legal rights to which they are entitled.

29.   The unlawful, unfair and fraudulent business acts and practices of Defendants described herein present a continuing threat to members of the general public and the Plaintiff in that Defendants and the DOE Defendants are currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

30.   Pursuant to the UCL § 17203, Plaintiff seeks an order enjoining Defendants from engaging in the acts and practices as hereinabove alleged, and ordering that Defendants provide appropriate restitution to Plaintiff.

31.   Plaintiff seeks recovery of attorneys' fees, costs and expenses incurred in the filing and prosecuting this action pursuant to the Code of Civil Procedure § 1021.5 and any other applicable law.

### VII. Jury Trial Demand

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

PETITION FOR DECLARATORY RELIEF TO QUIET TITLE CIVIL CODE 761.010

### VIII. Prayer for Relief

WHEREFORE, as a result of the violations of TILA, Reg. Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and the California UCL Plaintiff prays for judgment against Defendants as follows:

1. Rescission of this transaction,

2. Termination of any security interest in Plaintiff's property created under the transaction,

3. Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction,

4. Statutory damages of no less than $2,000 for the disclosure violations,

5. Statutory damages of no less than $2,000 for Defendants' failure to respond properly to Plaintiff's rescission notice,

6. Forfeiture of return of loan proceeds,

7. Actual damages in an amount to be determined at trial,

8. Reasonable attorney fee and costs of suit,

9. For such other and further relief as the Court may deem just and proper.

10. Pursuant to Code of Civil Procedure 761.010, Plaintiff asks this Court to declare that each and every one of these defendants should be disqualified from enforcing Plaintiff's note and mortgage or deed of trust, and to order defendants to

PETITION FOR DECLARATORY RELIEF TO QUIET TITLE CIVIL CODE 761.010

asks this Court to declare that each and every one of these defendants should be disqualified from enforcing Plaintiff's note and mortgage or deed of trust, and to order defendants to summon the true current owners consisting of holders of mortgage backed securities owning at least a majority interest in Plaintiff's Note and security instrument.

11. This Court's declaratory judgment should further address each and every one of the clouds upon Plaintiff's Property and order such legal and equitable relief as is necessary for removing these clouds and forged assignments as reference in the California Supreme Court in [TSVETANA YVANOVA Plaintiff's and Appellant, v. NEW CENTURY MORTGAGE CORPORATION, OCWEN LOAN SERVICING, LLC, WESTERN PROGESSIVE, LLC and DEUTSCHE BANK NATIONAL TRUST COMPANY, et al., SUPREME COURT CASE NO. S218973].

**EXHIBIT F**

12. Plaintiff's further request reimbursement of all expenses paid in connection with this legal proceeding, including court costs and reasonable attorney fees.

13. Plaintiff's further request any other relief in the form of specific performance and compensation warranted by evidence in the Record.

PETITION FOR DECLARATORY RELIEF TO QUIET TITLE CIVIL CODE 761.010

DATED
8/2/16

Respectfully submitted by:

By: _____
DAVID LOUDON

By: _____
CELESTE LOUDON

16

PETITION FOR DECLARATORY RELIEF TO QUIET TITLE CIVIL CODE 761.010

PROOF OF SERVICE BY MAIL

In re: DAVID LOUDON & CELESTE LOUDON vs. DOWNEY SAVINGS AND
LOAN ASSOCIATION, FA.

I, INGA SUAREZ, am a Citizen of the United States of America
and domiciled in the County of Los Angeles.

I am over the age of eighteen and not a party to the within
action; my domicile is 1106 West 56 Street, Los Angeles
California.

On August 2, 2016, I Mailed the within documents entitled:

**PETITION FOR DECLARATORY**
**RELIEF TO QUIET TITLE**

**CIVIL CODE 761.010**

of the above entitled case, to the parties in the within
action by Mail causing such document(s)to be delivered by
United States Postal Mail to office(s)and/or person(s)of the
addressees(s)as follows:

DOWNEY SAVINGS AND LOAN ASSOCIATION,FA.

3501 Jamboree Rd,

Newport Beach, CA 92658-6060

I declare under penalty of perjury that the foregoing is true
and correct.

Executed on August 2, 2016 at Los Angeles, California

___

By: _____
            INGA SUAREZ

23

PETITION FOR DECLARATORY RELIEF TO QUIET TITLE CIVIL CODE 761.010